IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19–CV–30–BR

| | |
|---|---|
| DANIEL FELIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DARE COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on various motions. Daniel Felix ("plaintiff") moves for a writ of mandamus, to amend his complaint, and for injunctive relief. (DE ## 14, 22, 44, 52.) Additionally, all defendants move to dismiss. (DE ## 23, 35, 41, 47.) Plaintiff filed responses thereto. (DE ## 40, 45, 50.) The motions are ripe for disposition.

### I. BACKGROUND

Plaintiff brings a multitude of claims against all defendants.[1] Plaintiff brings claims under the United States Constitution pursuant to the Equal Protection Clause, (Compl., DE # 1, at 2), and the First Amendment's Right to Petition Clause, (id.), Free Speech Clause, (id. at 3), and Free Exercise Clause, (Am. Compl., DE # 22, ¶ 55). Additionally, plaintiff raises common law claims of stalking, (Compl., DE # 1, at 2), obstruction of justice, (id. at 3), and false prosecution, (id.).

In sum, plaintiff's factual allegations involve the following events:

---

[1] Plaintiff moved to amend his complaint on 22 November 2019. (DE # 22.) The motion will be allowed. The court accepts plaintiff's amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure Rule 15(d). Because the amended complaint supplements plaintiff's original complaint, the court considers both complaints in the subsequent analysis.

an 8 year ordeal of cat and animal killings that plaintiff was the victim of, the July 3rd 2017 bombing of his residence, plaintiff being held at gunpoint and threatened with murder in Aug.of 2016, Hatteras NC community members attacking plaintiff for his political views as an environmentalist and animal advocate, and any and all attempts to receive a proper investigation into those matters and other corruption in Dare County.

(Id. ¶ 1.) Plaintiff's primary allegation is that over 4,000 cats have been killed at or directly outside his property. (See id. ¶¶ 1B, 4, 5, 17, 19–23, 25–29; Am. Compl., DE # 22, ¶¶ 39, 57.) Additionally, plaintiff alleges the following wrongdoings which have occurred to him or his property: he has "a false criminal history" of cyber stalking, (Compl., DE # 1, ¶¶ 1B, 6, 24; Am. Compl., DE # 22, ¶ 45); he is being stalked by various individuals involved in drug trafficking, (id. ¶¶ 1C, 6); he witnessed a girl's statutory rape when he was fourteen years old, (id. ¶ 1; Am. Compl., DE # 22, ¶ 41); he is aware of a drowning at Virginia Beach which was not investigated by the police, (Compl., DE # 1, ¶ 13), theft, (id. ¶ 15); online harassment from a "cyber stalker on [his] petition called Hobie Island," (id. ¶ 16); discrimination due to his deafness and other physical disabilities, (id. ¶ 10); real estate agent and contractor fraud, (Am. Compl., DE # 22, ¶¶ 35, 36); uninvestigated criminal behavior, (id. ¶¶ 37, 40, 48); sexual assault, (id. ¶ 41); and discrimination because of his acts of environmentalism and environmental justice, (id. ¶¶ 50, 56).

Chief Assistant District Attorney Jeffrey Cruden ("Cruden"), Assistant District Attorney Jennifer Bland ("Bland"), and District Attorney Andrew Womble ("Womble") (collectively "District Attorneys") move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rules 12(b)(2) and (5) for lack of personal jurisdiction and insufficiency of service of process, and Rule 12(b)(6) for failure to state a claim. (DE # 23.) Dare County Sheriff's Department ("Dare County Sheriff"), Sheriff Doug Doughtie ("Sheriff Doughtie"), and Deputy Donavan Ruth ("Deputy Ruth") (collectively "State Police Officers") move to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule

2

12(b)(6) for failure to state a claim. (DE ## 35, 41.) Governor Roy Cooper ("Governor Cooper") and Attorney General Josh Stein ("Attorney General Stein") jointly move to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, Rules 12(b)(2) and (5) for lack of personal jurisdiction and insufficiency of service of process, and Rule 12(b)(6) for failure to state a claim. (DE # 47.) Plaintiff opposes all motions. The court will first address subject matter jurisdiction.

## II. DISCUSSION

### A. 12(b)(1) Lack of Subject Matter Jurisdiction

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted).

#### 1. Rooker-Feldman Doctrine

The District Attorneys, Governor Cooper, and Attorney General Stein claim the court lacks subject matter jurisdiction over plaintiffs' claims under the Rooker-Feldman doctrine. (District Attorney's Mem. Supp. Mot. Dismiss, DE # 24, at 6; Cooper & Stein's Mem. Supp. Mot. Dismiss, DE # 48, at 13–14.) These defendants contend that plaintiff was convicted of three counts of cyberstalking in violation of N.C. Gen. Stat. § 14-196.3 in early 2019. (District Attorney's Mem. Supp. Mot. Dismiss, DE # 24, at 4; Cooper & Stein's Mem. Supp. Mot. Dismiss, DE # 48, at 12.) They argue this lawsuit is a challenge to that North Carolina state

3

court judgment. (See District Attorney's Mem. Supp. Mot. Dismiss, DE # 24, at 6; Cooper & Stein's Mem. Supp. Mot. Dismiss, DE # 48, at 12–14.)

"The Rooker-Feldman doctrine prevents [] lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (internal citation omitted). The scope of the Rooker-Feldman doctrine is "narrow and focused[.]" Thana v. Bd. of License Commissioners for Charles Cty., Maryland, 827 F.3d 314, 319 (4th Cir. 2016); see Lance, 546 U.S. at 464 ("Neither Rooker nor Feldman elaborated a rationale for a wide-reaching bar on the jurisdiction of lower federal courts, and our cases since Feldman have tended to emphasize the narrowness of the Rooker-Feldman rule."); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 280 (2005) (finding that the Supreme Court has only applied Rooker-Feldman twice, in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1982)). Specifically, Rooker-Feldman

> assesses only whether the process for appealing a state court judgment to the Supreme Court under 28 U.S.C. § 1257(a) has been sidetracked by an action filed in a district court specifically to review that state court judgment. Thus, if a plaintiff in federal court does not seek review of the state court judgment itself but instead presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court.

Thana, 827 F.3d at 320 (internal quotation marks and citation omitted).

Plaintiff responded to the District Attorney's motion to dismiss acknowledging that some of the wrongdoings he alleges relate to his cyberstalking conviction, while contending others do not. (See Pl.'s Resp. Opp'n, DE # 40, at 1–10.) However, neither party provides sufficient information to demonstrate that plaintiff is solely challenging, or seeking review of, his state

4

court conviction. Absent the details of the underlying state court judgment and its alleged connection to the claims at issue here, this court cannot determine the claims are barred under Rooker-Feldman. See Thana, 827 F.3d at 320 (finding the Rooker-Feldman doctrine to be so narrow that "since the decisions in Rooker and Feldman, [the Supreme Court] has never applied the doctrine to deprive a district court of subject matter jurisdiction." (internal citations omitted)). The court will not dismiss this action on that basis.

### 2. Standing to Sue

The State Police Officers contend plaintiff lacks standing to bring suit, specifically, that plaintiff is unable to show "real or immediate threat that any of the alleged actions in his [c]omplaint will be repeated in the future." (State Police Officers' Mem. Supp. Mot. Dismiss, DE # 42, at 13.) And moreover, that plaintiff "has not shown that a favorable decision by this Court would redress any of his alleged injuries. . . ." (Id.)

Standing acts as a constitutional limit on what matters a federal court may adjudicate. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). As such it requires that the underlying dispute be capable of resolution through the judicial process. Id.

> To have standing, a plaintiff must show (1) an injury in fact, meaning an injury that is concrete and particularized and actual or imminent; (2) a causal connection between the injury and the conduct complained of, meaning that the injury is fairly traceable to the defendant's actions; and (3) a likelihood that the injury will be redressed by a favorable decision.

Covenant Media of SC, LLC v. City of N. Charleston, 493 F.3d 421, 428 (4th Cir. 2007) (internal quotation marks and citation omitted). "The complainant must allege an injury to [him or herself] that is distinct and palpable, as opposed to merely abstract." Beck v. McDonald, 848 F.3d 262, 271 (4th Cir. 2017) (citing Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).

5

In response to the State Police Officers' motion, plaintiff contends that his injuries, namely "gang stalking, cat killings, and deliberate animal run downs continue and [are] still ongoing." (Pl.'s Resp. Opp'n, DE # 66, ¶ 44.) His complaints similarly assert that his alleged injuries are ongoing, (see generally Compl., DE # 1, ¶ 1B (alleging animals are being run down in front of his home on a daily basis); id. at ¶ 1C (alleging the gang stalking by Sheriff Doughtie and Deputy Ruth occurs on a daily basis)), and could be redressed by injunctive and/or monetary relief. The court concludes plaintiff has made a threshold showing of standing and will not dismiss on this ground.

### B. 12(b)(2) Lack of Personal Jurisdiction and 12(b)(5) Insufficient Service of Process

> Rule 4 of the Federal Rules of Civil Procedure describe[s] the requirement of effective service and process. Within 120 days of filing a complaint, a plaintiff must serve all defendants with process, unless service is waived or plaintiff demonstrates good cause for the delay. Process consists of a summons and a copy of the complaint. . . .
>
> Failure to properly serve a defendant prevents a court from obtaining personal jurisdiction over the defendant and entitles the defendant to dismissal under Rule 12(b)(2). Additionally, as stated, plaintiff must establish that service was adequate when a defendant seeks dismissal pursuant to Rule 12(b)(5). Therefore, dismissal is appropriate under both Rules 12(b)(2) and 12(b)(5) if the court determines that plaintiff failed to properly serve [the subject individual].

Fordham v. Doe, No. 4:11–CV–32–D, 2011 U.S. Dist. LEXIS 121389, at *5, *9 (E.D.N.C. Oct. 20, 2011) (internal citations and quotation marks omitted); accord Attkisson v. Holder, 925 F.3d 606, 628 (4th Cir. 2019), as amended (June 10, 2019) (finding that "a court generally lacks personal jurisdiction over unserved parties").

> Although courts should liberally construe the requirements of the Federal Rules of Civil Procedure if a defendant has actual notice of a suit against it, plain requirements for the means of effecting service of process may not be ignored. Pro se litigants are not exempt from the Federal Rules of Civil Procedure.

Jones v. Se. Reg'l Med. Ctr., No. 7:18–CV–28–D, 2019 U.S. Dist. LEXIS 659, at *7 (E.D.N.C. Jan. 2, 2019) (internal quotation marks and citations omitted). "A plaintiff has the burden to show that she effected service of process properly and that the court has personal jurisdiction over all defendants." Saimplice v. Ocwen Loan Servicing Inc., 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019) (citation omitted).

1.  **Governor Cooper & Attorney General Stein**

Governor Cooper and Attorney General Stein contend that plaintiff did not serve them properly as either state employees in their official capacities or as individuals in their personal capacities. (See Cooper & Stein's Mem. Supp. Mot. Dismiss, DE # 48, at 9.) Specifically, they contend plaintiff failed to serve the appropriate registered process agent, and as such, the court does not possess personal jurisdiction over them in their official capacities. As for their individual capacities, to the extent they are being sued in such a capacity,[2] Governor Cooper and Attorney General Stein contend plaintiff failed to meet the procedures of service of an individual under the state or federal rules. (Id. at 9, 10.) In response, plaintiff contends he contacted various entities to find the registered process agents for both Governor Cooper and Attorney General Stein, including the North Carolina Secretary of State's Process Agent Registration Department, Governor Cooper's Office, North Carolina Assistant Attorney Generals, and United States Marshals Office. (See Pl.'s Resp. Opp'n, DE # 50, ¶ 15.) Plaintiff argues no entity was able to provide him with the information for such a process agent and such information was not publicly available. (Id.) Plaintiff does not make an argument regarding service in their

---

[2] Both Governor Cooper and Attorney General Stein, as well as the District Attorneys, contend it is not clear whether they are being sued in their individual or official capacities. (Cooper & Stein's Mem. Supp. Mot. Dismiss, DE # 48, at 9; District Attorney's Mem. Supp. Mot. Dismiss, DE # 24, at 2.) Plaintiff claims he brings his action against them in both capacities, (Pl.'s Resp. Opp'n, DE # 40, ¶ 23; Pl.'s Resp. Opp'n, DE # 50, ¶ 23), and the court will analyze it as such.

7

individual capacities, but rather asserts he has "made it clear that all defendants are being sued in their individual and official capacities." (Id. ¶ 23.)

### i.  Official Capacity

Under the Federal Rules of Civil Procedure, a state or state-created government organization may only be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  North Carolina state law allows service on the state or state agencies by:

> a.  . . . personally delivering a copy of the summons and of the complaint to the process agent appointed by the agency in the manner hereinafter provided; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to said process agent; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. Section 7502(f)(2) a copy of the summons and complaint, addressed to the process agent, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
> b.  Every agency of the State shall appoint a process agent by filing with the Attorney General the name and address of an agent upon whom process may be served.
> c.  If any agency of the State fails to comply with paragraph b above, then service upon such agency may be made by personally delivering a copy of the summons and of the complaint to the Attorney General or to a deputy or assistant attorney general; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the Attorney General, or to a deputy or assistant attorney general. . . .

N.C. Gen. Stat. §1A-1, Rule 4(j)(4) (2020).

Plaintiff sent a copy of the complaint and summons to Governor Cooper and Attorney General Stein, certified mail, return receipt requested, to the North Carolina Attorney General's mailing address at 9001 Mail Service Center.  (DE ## 15, 16, 27, 31.)  As such, it appears plaintiff attempted to comply with North Carolina Rule 4(j)(4)(c) ("State Rule 4").  However, State Rule 4 only applies if any agency of the State fails to appoint a process agent.  Both

Governor Cooper and Attorney General Stein complied with State Rule 4(j)(4)(b) and have process agents on file and listed on a publicly available website. See Attorney General's Process Agent Directory, https://ncdoj.gov/legal-services/legal-resources/process-agent-directory/ (last visited Mar. 18, 2020). As such, plaintiff failed to perfect service upon them in their official capacities, and the court does not possess personal jurisdiction over them in that capacity. See e.g., Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant."). Governor Cooper and Attorney General Stein's motion to dismiss claims against them in their official capacities based on insufficient service will be allowed.

### ii. Individual Capacity

Federal Rule of Civil Procedure 4 permits individuals to be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under North Carolina law, an individual may be served by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (2020). In such circumstances, "the crucial issue is not whether the individual signing for the summons was formally employed by defendant as his agent, but whether or not defendant in fact received the summons." Granville Med. Ctr. v. Tipton, 586 S.E.2d 791, 798 (N.C. Ct. App. 2003). "The purpose of a service of summons is to give notice to the party against whom a proceeding is commenced to appear at a certain place and time and to answer a complaint against him." Id. at 797; accord Lemons v. Old Hickory Council, Boy Scouts, Inc., 367 S.E.2d 655, 657 (N.C. 1988) ("Liberality is the canon of construction." (internal citation omitted)); Washington v. Cline, 761

9

S.E.2d 650, 655 (N.C. Ct. App. 2014) (finding that the North Carolina rules require liberally applying canons of construction when interpreting rules of civil procedure).

Plaintiff's form of service—sending a copy of the summons and complaint, certified mail, return receipt requested, which was received by the Mail Service Center on 3 and 4 October 2019, (DE ## 27, 31) and delivered to Cooper and Stein—provided notice of his complaint to them, (DE # 34). Thus, the parties were served in their individual capacities, and the court has personal jurisdiction over them in that capacity.

### 2. The District Attorneys

The District Attorneys contend plaintiff did not serve them properly in their official capacities because he failed to follow Federal Rule of Civil Procedure 4(j) or State Rule 4(j) (See District Attorneys' Mem. Supp. Mot. Dismiss, DE # 24, at 7–8.) As for any claims brought against them in their individual capacities, the District Attorneys do not advance a specific argument. (Id. at 2.) Because they were not served properly, they claim, the court does not possess personal jurisdiction over them. (Id. at 8.) In response, plaintiff states:

> Plaintiff has served all 3 defendants properly according to FRCP Rule 4(j)(2)(A)(B). Plaintiff served a copy and summons on all 3 defendants at their registered workplace address for lack of a better place to serve them in their individual capacities. There home addresses are not available. . . . Plaintiff has asked the NC Attorney Generals Office for the process agents names and addresses for all of the defendants and none was provided under NC GS 1A Rule 4 (j) (3) (4) b. or c.

(Pl.'s Resp. Opp'n, DE # 40, ¶ 11.)

#### i. Official Capacity

Similar to Governor Cooper and Attorney General Stein, the District Attorneys have registered process agents publicly on file with the Attorney General of North Carolina. See Attorney General's Process Agent Directory, https://ncdoj.gov/legal-services/legal-

10

resources/process-agent-directory/ (last visited Mar. 18, 2020). Thus, plaintiff's attempted service at their workplace is insufficient under State Rule 4(j). As such, plaintiff has not perfected service, and this court does not possess personal jurisdiction over the District Attorneys in their official capacities. The District Attorney's motion to dismiss claims against them in their official capacities based on insufficient service will be allowed.

        **ii.      Individual Capacity**

Similar to Governor Cooper and Attorney General Stein, plaintiff attempted to serve the District Attorneys by sending a copy of the summons and complaint, certified mail, return receipt requested, to a workplace address: 200 East Colonial Ave Elizabeth City, NC 27909. The summons and complaint were received by an individual "L Warren" who checked the "Agent" box on the return receipt. (DE ## 17, 18, 19, 26, 28, 32). Thereafter, a notice of appearance was filed on each of their behalves. (DE # 38.) As such, plaintiff has properly served these individuals in their individual capacities. Compare N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (2020), with Granville Med. Ctr., 586 S.E.2d at 798 (finding that the crucial issue for a service inquiry in a party's individual capacity is not debating who signed for the summons when delivered, but whether the party did receive the summons).

**C.     12(b)(6) Failure to State a Claim**

"The intent of Rule 12(b)(6) is to test the sufficiency of a complaint." Dinh Tran v. Coty, Inc., No. 5:10–CV–431–H, 2011 WL 6325970, at *1 (E.D.N.C. Dec. 13, 2011) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). "A district court should dismiss a complaint pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege enough facts to state a claim to relief that is plausible on its face." Vitol, S.A. v.

11

Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "[T]he court need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (internal quotation marks and citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "To discount such unadorned conclusory allegations, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal citations and quotation marks omitted).

*Pro se* complaints are liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404 U.S. 519, 520 (1972). However, although *pro se* parties may be accorded some leniency, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), they remain obligated to comply with applicable rules and statutes, see Smith v. Healthcare Fin. Servs., No. 5:17–CV–370, 2018 U.S. Dist. LEXIS 5626, at *10 (E.D.N.C. Jan. 12, 2018) (citations omitted). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). "In light of Twombly and Bass, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice." Brody v. N.C.

State Bd. of Elections, No. 3:10–CV–383, 2011 U.S. Dist. LEXIS 52520, at *11 (W.D.N.C. May 16, 2011).

### 1. The District Attorneys

The District Attorneys contend they are entitled to absolute prosecutorial immunity as plaintiff's allegations against them "are related to acts taken directly within the scope and course of their employment as prosecutors for the State of North Carolina." (District Attorneys' Mem. Supp. Mot. Dismiss, DE # 24, at 11.) Plaintiff's allegations are difficult to discern. Plaintiff appears to contend Womble failed to prosecute various individuals, (Am. Compl., DE # 22, ¶¶ 38, 46, 47), charged plaintiff with false cyberstalking charges in state court, (id. ¶ 41), failed to investigate various crimes in a conspiracy against him, (id. ¶¶ 47, 50, 54), and facilitated criminal activity, (id. ¶¶ 36, 42, 45). Plaintiff contends Cruden also condoned criminal activity, (Compl., DE # 1, ¶ 1B; Am. Compl., DE # 22, ¶¶ 36, 45), falsely and/or maliciously prosecuted plaintiff, (Compl., DE # 1, ¶¶ 3, 12, 13; Am. Compl., DE # 22, ¶ 42), failed to prosecute various individuals, (Compl., DE # 1, ¶¶ 1C, 1D, 16, 17, 19, 20, 27, 31; Am. Compl., DE # 22, ¶¶ 38, 46), and failed to investigate plaintiff's complaints, (Am. Compl., DE # 22, ¶¶ 40, 41), and others' complaints, (Compl., DE # 1, ¶ 12). Finally, plaintiff contends Bland failed to prosecute various individuals, (Am. Compl., DE # 22, ¶¶ 38, 46), charged him with false cyberstalking charges in state court, (id. ¶ 41), and facilitated criminal activity, (id. ¶¶ 36, 42, 45).

As an initial matter, many of these allegations relate to decisions made within the District Attorneys' official capacities as prosecutors, not as individuals, which the court previously determined it lacks personal jurisdiction over.[3] As for plaintiff's other claims against the District

---

[3] Even if the court possessed personal jurisdiction over them in their official capacities, "a prosecutor enjoys absolute immunity from [42 U.S.C.] § 1983 suits for damages when he acts within the scope of his prosecutorial duties." Imbler v. Pachtman, 424 U.S. 409, 420 (1976); see Burns v. Reed, 500 U.S. 478, 492 (1991) (whether to prosecute an individual is a judicial act). A prosecutor acting after he or she makes a probable cause determination

13

Attorneys, arguably as individuals, namely that they personally facilitated criminal activity, (Compl., DE # 1, ¶ 1B; Am. Compl., DE # 22, ¶¶ 36, 42, 45), and failed to investigate various crimes in a conspiracy against plaintiff and others, (Compl., DE # 1, ¶ 12; Am. Compl., DE # 22 ¶¶ 40, 41, 47, 50, 54), such allegations are wholly conclusory and based upon unreasonable conclusions. See Francis, 588 F.3d at 193 (conclusory allegations are not entitled to the assumption of truth for purposes of a Rule 12(b)(6) motion); accord Stanley v. Waste Indus. of Brunswick Cty., No. 7:13–CV–268–BO, 2014 WL 2199816, at *1 (E.D.N.C. May 27, 2014). Accordingly, the District Attorneys' motion to dismiss for failure to state a claim will be allowed.

### 2. The State Police Officers

The State Police Officers contend they are entitled to immunity as to all claims against them in both their official and individual capacities, (State Police Officers' Mem. Supp. Mot. Dismiss, DE # 42, at 13, 24), and that plaintiff fails to state a claim on various grounds, such as respondeat superior, (id. at 24), the State Police Officers' investigatory and enforcement decisions, (id. at 16), a claim of conspiracy, (id. at 17–18), malicious prosecution, (id. at 19), and any constitutional violations under the First Amendment, (id. at 19, 23), or Equal Protection Clause, (id. at 22). Further, the State Police Officers contend all claims against Dare County Sheriff must be dismissed pursuant to North Carolina State law. (Id. at 26–27.)

---

is acting within the scope of his or her prosecutorial duties. See Goldstein v. Moatz, 364 F.3d 205, 214 (4th Cir. 2004) (prior to a probable cause determination, prosecutors are not acting as advocates, and as such, do not possess immunity at that stage). "Once a prosecutor possesses probable cause, he must decide whether to prosecute, which charges to initiate, what trial strategy to pursue, and a multitude of other important issues that require him to exercise discretion." Id. at 215; see also id. at 216. As such, plaintiff's claims that the District Attorneys failed to prosecute various individuals, (Compl., DE # 1, ¶¶ 1C, 1D, 16, 17, 19, 20, 27, 31; Am. Compl., DE # 22, ¶¶ 38, 46, 47), and wrongly charged with him cyberstalking charges, (Compl., DE # 1, ¶¶ 3, 12, 13; Am. Compl., DE # 22, ¶ 41, 42), would be dismissed based upon prosecutorial immunity even if this court possessed personal jurisdiction over the District Attorneys in their official capacities.

Plaintiff contends Sheriff Doughtie: failed to prosecute various individuals, (Compl., DE # 1, ¶ 16; Am. Compl., DE # 22, ¶ 38); protected local criminals/criminal behavior, (Compl., DE # 1, ¶¶ 1, 1C, 12, 14, 17, 21, 25; Am. Compl., DE # 22, ¶¶ 36, 39, 40, 42, 50); committed acts of or condoned other's acts of animal abuse, (Compl., DE # 1, ¶¶ 1B, 4, 17, 18, 20, 23); discriminated against him for his personal mannerisms, (id. ¶ 10); wrote illegal trespass letters against him, (id. ¶¶ 7, 18, 27–29); destroyed evidence and falsely reported information to the Dare County Sheriff's Office, (id. ¶¶ 1B, 22; Am. Compl., DE # 22, ¶¶ 34, 53); threatened plaintiff, (Compl., DE # 1, ¶ 1D; Am. Compl., DE # 22, ¶ 46); and conspired against plaintiff, in part, by building false cyberstalking charges against him, (Compl., DE # 1, ¶¶ 1, 1A, 5, 8, 15, 33; Am. Compl., DE # 22, ¶¶ 41, 48, 49, 50, 51, 54;).  Plaintiff contends Ruth: failed to prosecute various individuals, (Compl., DE # 1, ¶ 16); discriminated against him for his personal mannerisms, (id. ¶ 10); wrote illegal trespass letters against him, (id. ¶¶ 7, 19); made false reports/falsified reports, (id. ¶¶ 1B, 3); wrote and implemented an illegal feeding ordinance, (id. ¶¶ 26–29); protected local criminals/criminal behavior, (id. ¶¶ 17, 21; Am. Compl., DE # 22, ¶¶ 40, 42, 44, 48, 50); committed acts of or condoned other's acts of animal abuse, (Compl., DE # 1, ¶¶ 4, 18, 20; Am. Compl., DE # 22, ¶ 57); and conspired against plaintiff, in part, by building false cyberstalking charges against him, (Compl., DE # 1, ¶¶ 1, 5–8, 11, 12, 33; Am. Compl., DE # 22, ¶¶ 49, 50, 54).

Plaintiff's complaints are poorly drafted and replete with assumptions, rather than facts for this court to consider under Rule 12(b)(6).  See Francis, 588 F.3d at 193  ("'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (citation omitted)); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (legal

15

conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purpose); Dinh Tran, 2011 WL 6325970, at *2 (mere conclusory allegations are not enough to survive a Rule 12(b)(6) analysis). Further, the majority of plaintiff's allegations against the State Police Officers fall under their official capacity—i.e., contesting the investigatory powers of the officers—which, even if the court had personal jurisdiction over the officers in this capacity, would not entitle him to any relief. See Grant v. Prince George's Cty. Dep't, Civil Action No. DKC 15–2433, 2017 U.S. Dist. LEXIS 110187, at *8 (D. Md. July 17, 2017) ("There is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime." (internal quotation marks and citations omitted)). Sheriff Doughtie and Deputy Ruth's motion to dismiss for failure to state a claim will be granted.

Additionally, plaintiff's allegations against Dare County Sheriff will dismissed.

> To determine whether a state governmental entity has the capacity to be sued in federal court, the court applies the law of the state in which it sits. Under North Carolina law, unless a statute provides otherwise, only a person in being may be sued. The Court is unaware of any North Carolina statute which permits a county sheriff's office to be sued. On the contrary, numerous courts have held that a North Carolina sheriff's office may not be sued.

See Franks v. Beaufort Cty. Sheriff's Office, No. 4:19–CV–90–BO, 2019 U.S. Dist. LEXIS 162993, at *3 (E.D.N.C. Sep. 23, 2019) (internal citations omitted).

### 3. Governor Cooper and Attorney General Stein

Governor Cooper and Attorney General Stein contend plaintiff fails to state a § 1983 claim against them because "he has failed to allege any facts showing that [their] actions deprived Plaintiff of specific rights, privileges or immunities secured by the Constitution or laws of the United States. . . ." (Cooper & Stein's Mem. Supp. Mot. Dismiss, DE # 48, at 14.) Plaintiff alleges Governor Cooper was forwarded emails, pictures, and other communications

16

regarding plaintiff's ongoing issues with North Carolina law enforcement. (See Compl., DE # 1, ¶¶ 1C, 1D, 4, 6, 32; Am. Compl., DE # 22, ¶¶ 39, 42, 44–47, 54), but "took no action to stop them or the abuse," (Compl., DE # 1, ¶ 33). Plaintiff alleges Attorney General Stein was informed of plaintiff's abuses but failed to investigate, prosecute, or inform family members about crimes which had occurred. (See Compl., DE # 1, ¶¶ 12–14; Am. Compl., DE # 22, ¶¶ 35, 36, 39, 41, 45–47, 54, 57.)

"One alleging a violation of section 1983 must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." Philips, 572 F.3d at 180 (citations omitted); see 42 U.S.C. § 1983. Additionally, for an individual to be liable in their individual capacity under § 1983 "the plaintiff must affirmatively show[ ] that the official charged acted personally in the deprivation of the plaintiff's rights. . . . That is, the official's own individual actions must have violated the Constitution." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and citation omitted); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978). Further, "[t]o assert a viable § 1983 claim against a public official, a causal connection or affirmative link must exist between the public official and his/her conduct." Reaves v. Marion Cty. Sch. Dist., No. CV 4:19–2922–TLW–SVH, 2019 WL 5448373, at *4 (D.S.C. Oct. 24, 2019). Conclusory statements are not enough. Id. at *5.

Here, to the extent plaintiff makes allegations against Governor Cooper and Attorney General Stein, he fails to allege how either state actor deprived him of a right secured by the Constitution and laws of the United States. Further, he fails to show how Governor Cooper acted personally in the deprivation of his rights, as all plaintiff contends is that there is some

17

information that plaintiff forwarded to him which he did not act upon. That is far shy of the personal action necessary to attach liability. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (finding that an official must act with personal knowledge of, and involvement with, the alleged deprivation of the individual's rights to be liable). Plaintiff's allegations against Attorney General Stein are similar, that plaintiff sent information to Attorney General Stein, but he failed to act. Either defendant's failure to act from word-of-mouth allegations are insufficient to allege a violation under § 1983. Governor Cooper and Attorney General Stein's motion to dismiss for failure to state a claim will be allowed.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to amend is ALLOWED. (DE # 22.) Defendants' motions to dismiss are ALLOWED. (DE ## 23, 35, 41, 47.) Plaintiff's motions for a writ of mandamus and injunctive relief, (DE ## 14, 44, 52), are hereby DENIED as MOOT. This action is DISMISSED.

This 8 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge